UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL ARCHULETA,<br><br>Plaintiff,<br><br>v.<br><br>KERN VALLEY STATE PRISON,<br><br>Defendants. | Case No. 1:20-cv-01033-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISS ACTION WITHOUT PREJUDICE**<br><br>(Doc. 2)<br><br>14-DAY DEADLINE<br><br>Clerk of the Court to Assign a District Judge |

Before the Court is Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2.) Because Plaintiff has three "strikes" under section 1915(g) and fails to show that he is in imminent danger of serious physical injury, the Court recommends that his application be denied.

**I.     THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides, "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## II. DISCUSSION

The Court takes judicial notice of the following three cases that were dismissed for failure to state a claim on which relief can be granted:[1] (1) *Archuleta v. Del Campo, et al.*, No. 2:18-cv-00872-WBS-KJN (E.D. Cal. July 3, 2018); (2) *Archuleta v. Smith, et al.*, No. 2:18-cv-00643-TLN-AC (E.D. Cal. Aug. 29, 2018); (3) *Archuleta v. Founlong, et al.*, No. 1:18-cv-00693-LJO-GSA (E.D. Cal. March 8, 2019). These cases were dismissed before Plaintiff initiated the current action on July 27, 2020. Plaintiff is therefore precluded from proceeding *in forma pauperis* in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

In his complaint, Plaintiff states that he is at high risk of contracting COVID-19 due to his age. (Doc. 1 at 3.) Plaintiff requests that he be placed in quarantine until he is transferred from Kern Valley State Prison. (*Id.*) Plaintiff's allegations do not show that he was in imminent danger of serious physical injury at the time he filed his complaint.

## III. CONCLUSION AND RECOMMENDATIONS

Based on the foregoing, the Court RECOMMENDS that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be DENIED; and,
2. This action be DISMISSED without prejudice to refiling upon prepayment of the filing fee.

The Court DIRECTS the Clerk of the Court to assign a district judge to this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Two of the cases, *Archuleta v. Del Campo, et al.* and *Archuleta v. Smith, et al.*, were dismissed without prejudice when Plaintiff failed to file an amended complaint after the court found that he had failed to state a cognizable claim. When a "court dismisses a complaint on the ground that it fails to state a claim, … the court grants leave to amend, and … the plaintiff then fails to file an amended complaint, the dismissal counts as a strike." *Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017). Furthermore, "[a] dismissal … for failure to state a claim counts as a strike, whether or not with prejudice." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1727 (2020).

2

may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **July 30, 2020**                               **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE